SCANNED
MAR 1 2 2025
U.S. DISTRICT COURT MPLS

RECEIVED
MAR 1 2 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

Bruce John Archiebald Turner,
 Plaintiff,
v.
City of Rockford, Minnesota; Michael C. Couri, City Attorney
Defendants.

Case No:  0:25-CV-00313-DWF-ECW

**COMPLAINT**

Plaintiff Bruce John Archiebald Turner (hereinafter "Mr. Turner"), brings this Complaint against the City of Rockford, Minnesota, its City Attorney Michael C. Couri, (hereinafter collectively "Defendants"), and alleges as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' retaliatory and unlawful attempts to seize and control private property on Mr. Turner's industrial-zoned property located at 8000 Highway 55, Rockford, MN 55373 (the "Property") through harassment, procedural violations, and abuse of municipal authority.

2. Defendants' actions violate Mr. Turner's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as federal and state laws protecting property owners from illegal seizures, discrimination, and improper litigation tactics.

3. Mr. Turner seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. § 1983 and related state and federal laws.

4. Additionally, Defendants' conduct has led to physical trespass on the Property, the disruption of Mr. Turner's lawful business operations, and damage to his ability to conduct business with clients and vendors.

5. This lawsuit is intended to hold Defendants accountable for their egregious and unlawful conduct while ensuring that Mr. Turner's constitutional and property rights are protected.

## II. PARTIES

6. **Plaintiff:** Bruce John Archiebald Turner is an individual residing in Rockford, Minnesota, and the owner of the Property, which is zoned for industrial use.

7. **Defendant City of Rockford:** The City of Rockford is a municipal corporation organized under the laws of Minnesota.

8. **Defendant Michael C. Couri:** Michael C. Couri is the City Attorney for the City of Rockford and acted under color of state law at all times relevant to this Complaint.

## III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within the District of Minnesota.

## IV. FACTUAL ALLEGATIONS

13. Mr. Turner's Property is lawfully zoned for industrial use and is protected as a non-conforming use under Minnesota Statutes § 462.357, Subdivision 1e.

14. Since 2016, Mr. Turner has lawfully used the Property for industrial purposes, including outside storage and business operations.

15. On January 26, 2024, Defendant Couri issued a summons and complaint alleging nuisance violations against Mr. Turner, citing city ordinances that do not apply to non-conforming properties.

16. The summons was improperly served to Mr. Turner and was not filed with the court until February 5, 2024, in violation of Minnesota Rule of Civil Procedure 4.04.

17. Defendants have colluded with Rockford Homes LLC to harass Mr. Turner, disrupt his business operations, and gain control of his Property for private financial gain.

18. Defendants have trespassed on the Property, obstructed deliveries, and interfered with Mr. Turner's lawful use of the land.

19. Defendants' actions include:

- Falsely claiming Mr. Turner's Property is a nuisance;
- Filing baseless litigation to relitigate issues resolved in Mr. Turner's favor in Criminal Case No. 27 CR 21 22181;
- Failing to honor Minnesota Data Practices Act requests;
- Issuing threats of unlawful property seizure;
- Engaging in a campaign of intimidation by sending unauthorized personnel to inspect and photograph Mr. Turner's Property without proper notice.

20. Defendants' actions have caused substantial financial harm to Mr. Turner, including the loss of business contracts, legal expenses, and damage to his professional reputation.

21. Defendants' conduct demonstrates a reckless disregard for Mr. Turner's rights and an abuse of their positions of power.

## V. CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 (DUE PROCESS)

22. Plaintiff realleges and incorporates by reference all preceding paragraphs.

23. Defendants violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments by depriving him of his property rights without adequate notice or a fair hearing.

24. Defendants served an unfiled summons and relied on false affidavits, depriving Plaintiff of the opportunity to present evidence and cross-examine witnesses.

### COUNT II: VIOLATION OF 42 U.S.C. § 1983 (EQUAL PROTECTION)

25. Plaintiff realleges and incorporates by reference all preceding paragraphs.

26. Defendants selectively enforced city ordinances against Plaintiff while allowing similarly situated property owners to operate without interference.

27. Defendants' actions were motivated by discriminatory intent and improper collusion with Rockford Homes LLC.

### COUNT III: ABUSE OF PROCESS

28. Plaintiff realleges and incorporates by reference all preceding paragraphs.

29. Defendants initiated legal proceedings against Plaintiff for the improper purpose of harassing him with hope of forcing the forfeiture of his Property.

30. Defendants acted with malice and in bad faith, intending to cause harm to Plaintiff.

### COUNT IV: COLLUSION (42 U.S.C. § 1983)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs.

32. Defendants are colluding to deprive Plaintiff of his constitutional rights by colluding with Rockford Homes LLC to pursue baseless claims and disrupt his property use.

33. Defendants' coordinated actions constitute a collusion under federal and state law.

### COUNT V: FRAUD AND MISREPRESENTATION

34. Plaintiff realleges and incorporates by reference all preceding paragraphs.

35. Defendants knowingly misrepresented zoning laws and fabricated nuisance claims to mislead the court and interfere with Plaintiff's property rights.

36. Defendants' fraudulent actions have caused financial and reputational harm to Plaintiff.

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff realleges and incorporates by reference all preceding paragraphs.

38. Defendants engaged in extreme and outrageous conduct with the intent to cause, or reckless disregard of the probability of causing, severe emotional distress to Plaintiff.

39. Plaintiff has suffered significant emotional and duress harm as a direct result of Defendants' actions.

### COUNT VII: TRESPASS

40. Plaintiff realleges and incorporates by reference all preceding paragraphs.

41. Defendants entered Plaintiff's Property without authorization or consent, interfering with Plaintiff's exclusive right to possession of the Property.

42. Defendants' repeated and unauthorized entries constitute trespass under Minnesota state law.

43. As a result of Defendants' trespass, Plaintiff has suffered damages, including but not limited loss of business operations, damage to his ability to conduct business with clients and vendors and associated financial harm.

### COUNT VIII: NEGLIGENCE

44. Plaintiff realleges and incorporates by reference all preceding paragraphs.

45. Defendants owed Plaintiff a duty of care to act in a reasonable and lawful manner in their interactions with Plaintiff and his Property.

46. Defendants breached this duty by engaging in unlawful, reckless, and harassing behavior.

47. Defendants' negligence directly and proximately caused harm to Plaintiff, including financial losses and emotional distress.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff on all counts;
2. Declare that Defendants' actions violate Plaintiff's constitutional rights;
3. Issue a permanent injunction preventing Defendants from interfering with Plaintiff's property rights;
4. Award compensatory damages in an amount to be determined at trial but not less than $1,000,000;
5. Award punitive damages in an amount sufficient to deter future misconduct, but not less than $1,000,000;
6. Award Plaintiff's reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;
7. Award damages for emotional distress in an amount not less than $500,000;
8. Award damages for trespass in an amount not less than $250,000;
9. Award damages for negligence in an amount not less than $500,000;
10. Grant pre- and post-judgment interest as allowed by law;
11. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

BRUCE JOHN ARCHIEBALD TURNER
PLAINTIFF
8000 HWY 55 ROCKFORD, MN. 55373
Jacksonbat314@gmail.com