UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bruce John Archiebald Turner,

    Plaintiff,

v.

City of Rockford, Minnesota, *Municipal*;
Michael Christopher Couri, *City of
Rockford Attorney Office*,

    Defendants.

Civil No. 25-313 (DWF/EMB)

MEMORANDUM
OPINION AND ORDER

## INTRODUCTION

This matter is before the Court on Plaintiff Bruce John Archiebald Turner's motion to vacate judgment for fraud upon the Court. (Doc. No. 65.) Specifically, Turner asks the Court to vacate its order granting summary judgment in favor of Defendants. (Doc. No. 63.) Defendants City of Rockford (the "City") and Michael Christopher Couri oppose the motion. (Doc. Nos. 71, 72.) For the reasons set forth below, the Court denies Turner's motion.

## DISCUSSION

The factual background of this case was thoroughly laid out in the Court's order granting summary judgment. (Doc. No. 63.) Turner now challenges that order under Rules 60(b)(3) and 60(d)(3) of the Federal Rules of Civil Procedure, alleging that Defendants committed fraud on the Court by misrepresenting the zoning status of his property. (Doc. No. 65.)

Rule 60(b)(3) allows a court to relieve a party from a final judgment or order where there is fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), a party must present clear and convincing evidence that the opposing party engaged in fraud or misrepresentation that prevented him from fully and fairly presenting his case. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006). A motion under Rule 60(b)(3) is not a vehicle for reconsideration of a case on the merits. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Rule 60(d)(3) allows a court to set aside a judgment if the moving party shows "fraud on the court." Fed. R. Civ. P. 60(d)(3). This kind of fraud "is narrowly defined as fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *United States v. Smiley*, 553 F.3d 1137, 1144 (8th Cir. 2009) (citation modified). Examples of fraud on the court include bribery of the judge or jury or fabrication of evidence by counsel. *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998).

Turner's allegations are insufficient for relief under either subsection of Rule 60. Turner has not demonstrated by clear and convincing evidence that there was fraud or that the fraud prevented him from fully and fairly presenting his case. The arguments Turner relies on here are the same arguments of fraud that he relied on at summary judgment. The Court reviewed those claims previously and took them into account when ruling on the motions for summary judgment. Likewise, Turner has not shown evidence of fraud directed to the judicial machinery itself. Accordingly, his motion is denied.

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff Bruce John Archiebald Turner's motion to vacate judgment for fraud upon the Court (Doc. No. [65]) is **DENIED**.

Dated:  December 19, 2025                s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge